**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CLINTON B. FRAZIER-EL,  :  | **Hon. Jerome B. Simandle** |
| Petitioner,  : | |
| :  | Civil Action No. 09-4121 (JBS) |
| v.  : | |
| BUREAU OF PRISONS, etc.,  : | **OPINION** |
| Respondents.  : | |

**APPEARANCES**:

    CLINTON B. FRAZIER-EL, #32433-037
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge

    Clinton B. Frazier-el filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence.  Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction.

### I.  BACKGROUND

    Petitioner challenges a 188-month sentence as an armed career criminal, pursuant to 18 U.S.C. § 924(e), entered by the United States District Court for the District of Maryland on June 16, 1998, after a jury found him guilty of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).  See

United States v. Frazier-El, 204 F. 3d 553 (4th Cir. 2000).  The Court of Appeals for the Fourth Circuit affirmed the conviction.[1]  Id.  On November 14, 2001, Petitioner filed a motion to vacate the sentence under 28 U.S.C. § 2255.  See Frazier-El v. United States, Civil No. 01-3412 (WMN) (D. Md. filed Nov. 14, 2001).[2]  United States District Judge William M. Nickerson, the sentencing judge, denied relief.  On September 11, 2002, the Court of Appeals denied Petitioner's request for a certificate of appealability.  See United States v. Frazier-El, 46 Fed. App'x 168 (4th Cir. 2002).

---

[1] In rejecting Frazier-El's argument that he was improperly denied his right of self representation, the Court of Appeals noted:

> Any review of this contention must be considered against the background of Frazier-El's overarching contention that, as an "officer in the Moorish Science Temple," he was not subject to the jurisdiction of a United States district court.  Beginning with his very first hearing, Frazier-El repeatedly instructed his counsel to assert that defense . . . .  His dissatisfaction with his appointed counsel resulted from counsel's advice to Frazier-El that his arguments were meritless and irrelevant.

Frazier-El, 204 F. 3d at 559.

[2] The motion raised three grounds: (1) the district court lacked jurisdiction since Frazier-El is a member of the Moorish Science Temple; (2) judicial bias; and (3) ineffective assistance of counsel.  Frazier-El v. United States, 2002 WL 32356686 (D. Md. June 17, 2002).

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence on the following grounds:

> Ground One: The Petitioner was appointed A Sheik in the Moorish Science Temple with authority to possess a firearm.  The federal district judge and the Magistrate refused to allow the Petitioner to present any evidence into the trial that could have been used in Petitioner's defense.  Petitioner was not allowed to represent himself when it became clear the Public Defender was not going to adequately represent the Petitioner.  The judge would not allow the Petitioner to put on a defense that the Petitioner thought was in his best interest.
>
> Ground Two: The conviction of the federal district court was under the color of law and authority and not that of a lawfully Chartered corporate entity established by the Constitution of 1787 which created the Continental United States of America and is a part of the "Union."

(Pet. ¶¶ 14.a., 14.b.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to

3

vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.[3] See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F. 3d at 251. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to

---

[3] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

evade procedural requirements." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, because the sentencing court entertained the prisoner's claims and denied the very relief the prisoner is seeking, § 2255 is not inadequate or ineffective for Petitioner's challenge to his sentence. United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954). This Court will therefore dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

      **s/ Jerome B. Simandle**
      **JEROME B. SIMANDLE, U.S.D.J.**

Dated:  **September 17**   , **2009**